**In re Ronald BELTZ SS# 269–36–6074, Patricia Beltz SS# 268–46–9550, Debtors.**

**David ROSE 4874 Shaker Road Franklin, Ohio 45005, and Battery Shops, Inc. 4874 Shaker Road Franklin, Ohio 45005, Plaintiffs,**

**v.**

**Ronald BELTZ 3863 Bedford Avenue Hamilton, Ohio 45015, and Patricia Beltz 3863 Bedford Avenue Hamilton, Ohio 45015, Defendants.**

**Bankruptcy No. 1–85–00260.
Adv. No. 1–85–0218.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 9, 1985.

David A. Chicarelli, Franklin, Ohio, for plaintiffs.

Arthur J. Schuh, Cincinnati, Ohio, interim trustee.

James A. Reichert, Cincinnati, Ohio, for defendants.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

BURTON PERLMAN, Bankruptcy Judge.

As we reconstruct events in this proceeding, on May 23, 1985, plaintiffs herein, for the first time submitted a complaint, now incorporated in this file, to this court. Filing was not then accepted by the Clerk because the filing fee was not tendered. The filing fee was subsequently tendered, and on June 3, 1985 the complaint was indicated to be filed in this court, and the proceeding file was opened.

Prior to this on May 6, 1985, these plaintiffs in the bankruptcy case filed Objection to Discharge and Motion for Rule 2004 Examination. By Order entered May 7, 1985 the objection was overruled. We said the following:

"Objection is overruled. Petitioners evidently wish to contest dischargeability of their debt at least in part pursuant to 11 U.S.C. § 523(a)(2)(A). Under § 523(c) such contest must be in this court. B.R. 7001 makes this an adversary proceeding

which must be commenced by the filing of a complaint.

Motion for a 2004 Exam is granted. The Clerk will set such an exam.

SO ORDERED."

The Order For Meeting Of Creditors, Combined With Notice Thereof and Of Automatic Stay was dated in this Court February 4, 1985. In such Order the date May 13, 1985 was fixed as the last day for filing complaints to determine dischargeability. Plaintiffs did not file the instant complaint until after May 13, 1985. We then sua sponte dismissed the complaint as not timely filed.

Plaintiffs have now moved for reconsideration of that dismissal. The basis upon which reconsideration is requested is that the present complaint should be allowed to relate back to May 6 when the original objections were filed because the same subject matter was presented in such Objection and in the present complaint. With their motion plaintiffs filed a Certification of Service, indicating service upon counsel for debtors by mail on June 10, 1985. As of the present date no memorandum in opposition has been filed. Because plaintiffs state an equitable basis for relief and because, contrary to District Court Local Rule 4.0.2, defendants have failed to file a memorandum contra, we grant the motion for reconsideration.

Accordingly, our order of dismissal of May 31, 1985 is vacated. Defendants shall have thirty (30) days from the date of this order to answer the complaint.

SO ORDERED.