In the Matter of Don Edward McGUIRT, Debtor.

Charles B. COVERT, Appellant,

v.

Don Edward McGUIRT, Appellee.

No. 88–6197.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1989.

Rehearing Denied Sept. 20, 1989.

David Speed Elder, and Robert Scott, Sewell & Riggs, Houston, Tex., for appellant.

Christian M. Sternat and Otis Bakke, Houston, Tex., for appellee.

Before CLARK, Chief Judge, and JOHNSON and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Today we are asked to remedy the seemingly harsh consequences of a bankruptcy filing deadline by acknowledging a notice-based exception to a bankruptcy rule. Concluding that no exception can be justified on these facts, we affirm.

## I.

In 1983 Charles B. Covert sued Don Edward McGuirt in Texas state court, alleging several counts of fraud, misrepresentation, and mismanagement on the part of McGuirt with respect to a real estate partnership involving both men. Just before the trial was to begin, McGuirt filed a voluntary Chapter 7 bankruptcy petition, thereby triggering the automatic stay provision of 11 U.S.C. § 362. Desiring to proceed with the Texas court lawsuit despite the bankruptcy petition, Covert filed a motion for relief from the stay on May 8, 1986. The stay was then modified on June 20, 1986, to allow the state court litigation to proceed.

On July 12, 1986, the bankruptcy clerk, in accordance with 11 U.S.C. § 341(a), issued a notice for a meeting of creditors. Pursuant to bankruptcy rule 4007(c), the last day for filing an objection to discharge or a complaint to determine dischargeability is sixty days after the date set for the first creditors' meeting. Covert, however, failed to file such an objection or complaint until Dec. 10, 1986; as a result, his objection was denied as untimely. Covert then appealed to the district court, which affirmed. Covert now appeals to this court.

## II.

In a Chapter 7 proceeding, a debtor is generally discharged from all debts arising

before the date of the order for relief, except those that are non-dischargeable under 11 U.S.C. § 523. 4 *Collier on Bankruptcy* ¶ 727.13 at 727–84 (L. King 15th ed. 1988). However, by operation of section 523(c), non-dischargeable debts are nevertheless discharged unless, upon request of the creditor within the requisite time period, the bankruptcy court determines that the debt is to be excepted from discharge. In this regard, rule 4007(c) provides,

A complaint to determine the dischargeability of any debt pursuant to section 523(c) of the Code shall be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to section 341(a). The court shall give all creditors not less than thirty days' notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

As noted above, in the case at bar the first date set for the meeting of creditors pursuant to section 341(a) was July 12, 1986. Accordingly, by the terms of rule 4007(c), Covert was required to file his objection to discharge within sixty days of this date unless, within this period, he requested and was granted an extension of time for filing such an objection. Because Covert failed to adhere to this rule, the bankruptcy court denied his belated objection as untimely.[1]

Covert now argues on appeal that he satisfied rule 4007(c) by filing his motion for relief from the automatic stay and that his belated objection should relate back to the date of the motion for relief. He asserts that the filing of the motion satisfied the primary purpose of rule 4007(c) of notifying the debtor of the existence and basis of an objection to the discharge so as to enable the debtor to answer and defend against that objection. However, Covert is unable to identify any rule 4007(c) case in which such an exception has been acknowledged. In supporting his argument, he points exclusively to cases involving rule 4003(b), which establishes a deadline for challenging a debtor's claimed exemptions.

In construing rule 4003(b), some courts have departed from a strict construction of the thirty-day limitation imposed by that rule. *E.g., In re Starns*, 52 B.R. 405 (Bankr.S.D.Tex.1985); *In re Owen*, 74 B.R. 697 (Bankr.S.D.Ill.1987). These courts have reasoned that the failure of a creditor to file an objection within the prescribed period should not, and does not, waive that objection if the creditor, through other means, has provided actual notice to the debtor of the nature of the objections.

Here, however, we need not determine whether such a notice-based exception would ever be appropriate in a section 4007(c) case in order to conclude that one would not be justified in this case. Covert's motion for relief from the stay merely recited that "the lawsuit involves numerous allegations of fraud and misrepresentation on the part of the debtor with respect to the mismanagement of a partnership...." As a general rule, "the grounds alleged to constitute a bar to a debtor's discharge should be alleged with particularity...." 4 *Collier, supra,* ¶ 727.14 at 727–95.[2] In affirming the bankruptcy order, the district court concluded that the general allegations of fraud contained in Covert's motion for relief from the automatic stay were not specific enough to meet these requirements.

---

1. In his objection to discharge, Covert asserted non-dischargeability on the basis of the "debts arising from fraud" exception provided in § 523(a).

2. Covert cites *In re Beltz*, 51 B.R. 84 (Bankr.S.D. Ohio 1985), for the proposition that a belated filing of an objection to discharge relates back to another filing, during the period of limitations, that put the debtor on notice but did not qualify as a full-blown objection to discharge.

However, that case does not advance his argument. There, the first filing was an overruled motion objecting to dischargeability, which obviously gave adequate notice. Here, the filing in question—the motion for relief from the stay—may or may not justify an equitable exception, depending upon its individual characteristics. *Beltz* cannot be construed as justifying a *per se* exception wherever there happens to have been a prior filing of some kind.

In particular, Covert failed to include in his motion any statement specifying the factual circumstances of the alleged fraud and misrepresentation claims. Thus, the district court determined that his motion did not provide McGuirt with actual notice of Covert's intention to contest the dischargeability of any debt that might be recognized in the state court lawsuit. We agree with this reasoning. Accordingly, even if, *arguendo,* a notice-based exception to rule 4007(c) were ever appropriate—a matter about which we express no view—Covert would not qualify.

### III.

In summary, Covert's failure to file his objection within the period specified by rule 4007(c) resulted in a waiver of that objection. Covert has failed to persuade us that his would be an appropriate case in which to acknowledge a notice-based exception to that rule, as his motion for relief from the stay did not provide the debtor with actual notice of the existence and nature of his objection to discharge. We leave for another day the determination of whether such an exception would ever be justified in a rule 4007(c) case.

Finally, we note that we are unmoved by Covert's claim that the strict application of a seemingly arbitrary filing deadline imposes undue hardship. As we recently remarked in an analogous context,

> [u]nder the Bankruptcy Code and rules, creditors play a zero-sum game in which the failure to navigate effectively through various intricate procedures can mean total defeat. Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship.

*Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 398 (5th Cir.1989), *petition for cert. filed,* 57 U.S.L.W. 3781 (U.S. May 15, 1989) (No. 88–1870).

### IV.

 Defendant requests that we sanction Covert pursuant to Fed.R.App.P. 38 for prosecuting a frivolous appeal. But here, although no court has acknowledged a notice-based exception to rule 4007(c), a colorable argument in support of such an exception can be made by analogy to the rule 4003(b) cases. Hence, Covert escapes rule 38 sanctions in that he has made a "reasonable argument for extension, modification, or reversal of precedent." *Coghlan v. Starkey,* 852 F.2d 806, 809 (5th Cir.1988) (per curiam).

The judgment of the district court is AFFIRMED, and the motion for sanctions is DENIED.