**In re Eugene W. SHERF and Sandra D. Sherf, Debtors.**

**Bankruptcy No. 90–07890–H2–7.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Aug. 26, 1991.

Dale A. Dossey, Houston, Tex., for debtors.

Ross Spence, Andrews & Kurth, Houston, Tex., for creditors.

## OPINION OF THE COURT

RANDOLPH F. WHELESS, JR., Chief Judge.

This matter is before the Court on the creditors' motion for leave to file a "late" complaint objecting to discharge pursuant to 11 U.S.C. § 727. The parties have submitted briefs to this Court and have stipulated as to the facts. The threshold issue is whether the creditors' complaint was timely filed pursuant to Bankruptcy Rule 4004(a) or should it be allowed to be filed at this time.

### I. Facts and Procedural Background

The facts relative to the involved issue are undisputed. Debtors, E.W. Sherf and Sandra D. Sherf ("Sherfs") filed a voluntary petition in bankruptcy under chapter 7 of Title 11, U.S.Code on November 6, 1990. The meeting of creditors was set for December 28, 1990. The deadline for filing a complaint objecting to discharge was February 27, 1991, pursuant to Bankruptcy Rule 4004(a).

On January 23, 1991, J.B. Bell and Richard Carruth ("creditors") filed a document in the bankruptcy case objecting to the Sherfs' discharge. The objection to discharge was served on the Sherfs' attorney by first class mail. Shortly thereafter, the clerk's office informed the creditors that they needed to file a "complaint" objecting to discharge; not merely an "objection." Thereafter, on February 8, 1991, the creditors filed among the papers of the case a "complaint" objecting to discharge pursuant to 11 U.S.C. § 727. Under Bankruptcy Rule 7004(b), the "complaint" objecting to discharge was served on both the Sherfs and their attorney by certified mail. Both the objection and the "complaint" were

filed before the time expired for filing a complaint objecting to discharge under Bankruptcy Rule 4004(a). Each states a cause of action which, if proved, would bar the debtors' discharge.

On March 7, 1991 the creditors' attorney received a telephone call from the bankruptcy clerk's office and was informed that the complaint was improperly filed, because it had not been filed under a separate cause number as an adversary proceeding and because no filing fee was paid. On March 7, 1991 the creditors filed a motion for leave to file a late complaint objecting to discharge. Bankruptcy Rule 4004(b), which sets the time limits for filing complaints objecting to discharge, provides that motions to extend the time for filing such complaints must be made before the sixty day time period has expired. Unless the first two documents filed in the bankruptcy case give the creditors status or standing, the time for filing motions to extend the time under Bankruptcy Rule 4004(b) had expired by March 7, 1991.

Thus the matter before us raises the following issues: (1) whether creditors' filing of their initial objection and/or their subsequently filed "complaint" before the bar date constituted an informal complaint, thus allowing their "amended" or formal complaint (an adversary) to be filed after the bar date? (2) whether creditors' initial objection and/or their original "complaint" can be construed as a motion to extend the time for filing an amended complaint to determine the dischargeability of a debt? (3) whether the creditors' filing of a complaint without an adversary cause number and without paying a filing fee, nevertheless constitutes a timely filed complaint for purposes of commencing an action under 11 U.S.C. § 727 and Bankruptcy Rule 4004(a)?

## II. Discussion

### Informal Objection to Discharge or Relation Back–Due to Actual Notice

Bankruptcy Rule 4004(a) provides:

(a) In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727 of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

Bankruptcy Rule 4007(c) sets out the same deadline for complaints under § 523. The primary purpose of rule 4004(a) is to promptly notify the debtors as to the existence and basis of an objection to the discharge so as to enable the debtor to answer and defend against that objection. See *In re Kearney*, 105 B.R. 260, 264 (Bankr. E.D.Pa.1989); *In re Falk*, 96 B.R. 901, 905 (Bankr.Minn.1989). Rule 4004(a) also affords the debtor a "fresh start" and furthers the prompt administration of the bankruptcy estate. The sixty day rule allows the debtor to know what debts are being challenged and provides the debtor a date after which no party may object to discharge.

### Relation Back or "Informal" Complaints

Although the threshold issue now before this Court has not been previously decided in the Fifth Circuit, the question was discussed by the United States Court of Appeals for the Fifth Circuit in *Matter of McGuirt*, 879 F.2d 182, 183 (5th Cir.1989). In *McGuirt*, the creditor filed a motion for relief from the automatic stay, but failed to file a complaint objecting to discharge within the sixty day bar date of Bankruptcy Rule 4007(c). The Court held that "the creditor's motion for relief from the stay did not provide the debtor with actual notice of the existence of his objection to discharge as required to support the creditor's contention that his belated objection to discharge related back to the date of the motion for relief." *McGuirt*, 879 F.2d at 183.

Under the general theory of "relation back," a pleading may not be amended to allege a new or different claim unless it arose out of, or is based on or related to, a claim, transaction or occurence originally set forth in the original pleading. *Federal Deposit Ins. Corp. v. Bennett*, 898 F.2d 477, 479 (5th Cir.1990). The Court in *McGuirt* reasoned that the creditor's objection to discharge could not relate back to

the creditor's "motion for relief from the stay [because it] did not not provide the debtor with actual notice of the existence and nature of his objection to discharge." Id. at 184. Compare with *In re Beltz*, 51 B.R. 84 (Bankr.S.D.Ohio 1985) (The Court held that plaintiffs' belated objection to discharge related back to another filing during the period of limitations, because the debtor was put on notice, even though the initial objection was not filed in the form of a complaint.) Although the Fifth Circuit in *McGuirt* did not determine that there exists a "relation back" doctrine with respect to the filing of late complaints of this kind, the Court did not reject such a doctrine but simply declined to express any view whether a notice-based (relation back) exception to Bankruptcy Rule 4007 would ever be justified. Id. While the Court did not rule that such a doctrine exists with respect to Bankruptcy Rule 4007 (or 4004), it did not speak of it in negative terms. It just held that the document involved in that case would not suffice, if such a doctrine exists.

Various court rulings on the timeliness of the filing of pleadings involving deadlines set by other provisions of the Bankruptcy Rules have employed the "relation back" or notice based exception to the involved Bankruptcy Rule. Where a pleading or document has put the debtor on notice of the intention of the involved interested party to (a) object to the debtor's exemption claims or (b) file or make a claim against the estate and giving the specifics thereof, most courts have allowed a late filed objection to exemptions and/or the "untimely" filing of a proof of claim, respectively, despite the provisions of Bankruptcy Rules 4003(b) and 3002(c).

In the case of *In re Starns*, 52 B.R. 405 (S.D.Tex.1985), Circuit Judge King (then Randall), sitting as a District Judge by designation, held that a motion to lift stay [filed prior to the expiration of the time limits set forth in Bankruptcy Rule 4003(b) ] was sufficient to bring the issue of objections to exemptions before the Court in a timely manner and was sufficient notice to interested parties, including the debtor. Judge King therefore ruled

that the fact that no formal objection to the claimed exemptions was timely filed; nevertheless the claim of exemption was not allowed as to property which was in fact not exempt. This was due to the timely filed motion to lift stay which was sufficient to put the debtor on notice of the contention.

Judge Randall (now King) noted that there was no argument from the debtor that he had been prejudiced by the creditor's failure to reassert his objection (by formal objection) within the time limits of Bankruptcy Rule 4003. Judge King noted that the clear purpose of the rule was to protect the rights of the debtor by requiring a prompt determination of the right to exemptions.

The basic rationale of Judge King was that the debtor had been given timely notice of the issues concerning the claimed exemptions and that the document which was filed (the motion to lift stay) met the concerns and purposes underlying the rule. See also *In re Owen*, 74 B.R. 697 (Bankr. C.D.Ill.1987).

The same or similar rationale has been utilized with respect to Bankruptcy Rule 3002(c) requiring proofs of claim to be filed within 90 days after the first meeting set for the section 341(a) meeting. Most courts addressing the issue have held that a written document filed with the court making a demand on the debtor's estate and indicating an intent to hold the debtor or the debtor's estate liable for the involved indebtedness constituted an informal proof of claim allowing a more formal proof of claim to be filed after the expiration of the time set forth in Bankruptcy Rule 3002. In addition to the comments of Circuit Judge King in *In re Starns*, see *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1380–82 (9th Cir.1985); *In re Modular Engineering Corp.*, 41 B.R. 52 (Bankr. S.D.Tex.1984); *In re Guardian Mortgage Investors*, 15 B.R. 284 (M.D.Fla.1981); *In re Hart Ski Mfg. Co.*, 5 B.R. 326 (Bankr. Minn.1980).

In light of the purposes of the time limits set forth in Bankruptcy Rule 4004(a) there

seems to be no reason not to use the same rationale with respect to such rule as is used by the courts concerning Bankruptcy Rules 4003(b) and 3002(c); especially where no prejudice has or can be shown by the involved debtor.

The facts in the case now before the Court indicate that the filings by the creditors were sufficient to insure timely notice to the Sherfs of the fact that the creditors objected to the discharge and the basis on which the objection was made. Thus, this Court holds that this notice to the debtors would allow the relation back of a filed complaint under the same rationale as set forth in the cases cited above, including that of the bankruptcy court in the case of *In re Beltz, supra.*

In their complaint pursuant to 11 U.S.C. § 727, the creditors allege specific factual allegations of fraud. The creditors alleged in their initial objection and complaint that: 1) pursuant to § 727(a)(4) the Sherfs falsified their disclosure statements in four (specifically identified) material ways; 2) that pursuant to § 727(a)(5) the Sherfs made $6500.00 or more per month and have failed to explain satisfactorily their inability to meet their debts; and 3) that pursuant to § 727(a)(6) the Trustee ordered that the Sherfs make additional disclosures as requested by their creditors but the Sherfs have not obeyed such order. Even assuming that the creditors' third allegation made by their complaint is true, there is no legal basis under § 727 for their assertion that the Sherfs should be denied discharge because of their failure to make additional disclosures on the "order" of the Trustee, but the first two allegations do state a cause of action under 11 U.S.C. § 727(a)(4) and (5) respectively. This Court is satisfied that the creditors' filing within the sixty day rule provided the Sherfs with actual notice and thus met the policy concerns underlying Bankruptcy Rule 4004(a).

In addition to the foregoing analysis, it should be noted that this holding is similar to that utilized by the United States Court of Appeals for the Ninth Circuit in the case of *In re Magouirk*, 693 F.2d 948 (9th Cir. 1982). In that case the Ninth Circuit considered whether to extend the time to file a late complaint objecting to the dischargeability of a debt under former Bankruptcy Rule 906. The factors discussed in that case are illustrative of the issue presented here. Those factors are as follows:

"(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect." *Magouirk*, 693 F.2d at 951.

In applying some of these factors to the case at bar, we find that the creditors acted in good faith. As noted above, the first date set for the meeting of creditors was December 28, 1990. The creditors filed an objection and a complaint objecting to discharge within the sixty day time period of Bankruptcy Rule 4004(a). Extending the time to file an amended complaint will not prejudice the Sherfs. The steps taken by the creditors provided the Sherfs with actual notice as to the existence and nature of their objections to discharge, thus meeting the policy concerns of rule 4004(a).

Under the doctrine of "unique circumstances," courts have used its equitable power pursuant to 11 U.S.C. § 105 extending the time to file a late complaint objecting to discharge. The United States Court of Appeals for the Ninth Circuit adopted the doctrine of "unique circumstances" in cases allowing an appellant to maintain an appeal that would otherwise be barred as untimely. See *United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265 (9th Cir.1985). Under the doctrine of "unique circumstances" a court will permit an otherwise untimely appeal to stand if (1) judicial action indicated to the appellant that its assertion of its right to appeal would be timely; (2) such judicial action occurred prior to the expiration of the official time period, such that the appellant could have given timely notice had it not been lulled into inactivity; and (3) the appellant reasonably and in good faith relied upon such judicial action. *La Cage Aux Folles*, 771 F.2d at 1268.

The doctrine has been traditionally been used under circumstances wherein a pleading is filed after the prescribed period by a party in reliance on a misleading act of the court. For example, in *In re Anwiler*, 115 B.R. 661 (9th Cir. BAP 1990), appellants detrimentally relied upon a notice that they received from the clerk of the court, indicating a deadline for filing a complaint and objection to dischargeability of a debt. The Court was unwilling to bar the appellants' untimely complaint, stating that the appellants were simply delinquent, because of their good faith reliance on the court's notice. *Anwiler*, 115 B.R. at 666. The Court stated that "under the unique circumstances doctrine the court below had, and should have exercised the equitable power to permit the appellants' complaint to stand." Id. at 666. Courts have applied reasoning analogous to the doctrine of "unique circumstances" allowing non-dischargeable complaints to stand under circumstances similar to those in *Anwiler*. See also *In re Riso*, 48 B.R. 244 (Bankr. N.H.1985) (bankruptcy court had "inherent power to extend objection deadline in a transfer situation when the equities so warranted"); *In re Hershkovitz*, 101 B.R. 816 (Bankr.N.D.Ga.1989) ("complaint objecting to dischargeability of debt was not untimely where filed in reliance upon erroneous bar date contained in notice sent by bankruptcy court clerk's office").

### Motion to Extend Time

■ Bankruptcy Rule 4004(b) provides: (b) On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

The issue of whether the creditors' initial objection and complaint can be construed as a motion to extend the time for filing an amended complaint under rule 4004(a) has not been previously addressed by this Court or the Fifth Circuit. However, cases outside the Fifth Circuit have dealt with this issue. In the case of *In re Lambert*, 76 B.R. 131 (E.D.Wis.1985), the debtors filed a voluntary petition in bankruptcy under chapter 7 on July 26, 1984. November 5, 1984 was the deadline for filing a complaint to determine dischargeability. On November 2, 1984, the creditors filed a motion for termination of stay, and a copy of a complaint they intended to file in state court alleging misrepresentation and fraud in a home they bought from the debtors. The Court held that the creditors' motion for relief from stay, could properly be construed as a motion to extend the time for filing a complaint to determine the dischargeability of a debt. *Lambert*, 76 B.R. at 132.

The Court recognizes that the creditors were not intending to request an extention of time in the originally filed "objection" or the first "complaint," but in the interest of justice a certain "poetic license" or legal fiction should be indulged in under these facts. We join with the Court in *Lambert* in holding that a pleading that is filed before the bar date, which puts the debtor on notice as to the creditors' objections, may be treated as a motion to extend the time for filing a complaint.

### The Complaint as Timely Filed

■ The Sherfs argue that the creditors' complaint for purposes of commencing an action, was not timely filed within the time period of Bankruptcy Rule 4004(a), because it wasn't filed under a separate cause number as an adversary proceeding and they failed to pay a filing fee. The bankruptcy courts have had before them similar situations. *In re Whitfield*, 41 B.R. 734 (Bankr. W.D.Ark.1984); *Cosper v. Frederick*, 73 B.R. 636 (Bankr.N.D.Fla.1986); *In re Brenesell*, 109 B.R. 412 (Bankr.Haw.1989); *In re Valeu*, 53 B.R. 549 (Bankr.N.D.1985). In *Whitfield*, the creditor's original complaint objecting to discharge was received by the clerk's office within the deadline set by Bankruptcy Rule 4004(a). Although the complaint was not accompanied with a bankruptcy cover sheet and filing fee, the Court held that the complaint was nevertheless filed within the time limit. *Whitfield*, 41 B.R. at 736. Similarly, in *Valeu*, the Court held that the mere failure to pay a filing fee and attach a cover sheet to the complaint would not operate to foreclose the plaintiff from proceeding to the merits of its claim. *Valeu*, 53 B.R. at 552.

**816**

Other court decisions indicate that a complaint is filed and an action is commenced whenever it is received by the clerk of the court, whether that complaint is delivered to the office of the clerk or to the clerk at her home after regular business hours. *In re Horob,* 54 B.R. 693 (Bankr.N.D.1985); *In re Brenesell,* 109 B.R. 412 (Bankr.Haw. 1989). The courts have had prior occasions to consider analogous situations like the present case, where it was held that a complaint objecting to dischargeability was timely filed, despite the fact that a filing fee had not been paid. *In re Caballer,* 120 B.R. 575 (Bankr.Colo.1990); *Matter of Boothe,* 84 B.R. 636 (Bankr.Neb.1988); *In re Spearman,* 68 B.R. 25 (Bankr.E.D.N.Y. 1986).

In applying the above principles to the facts of the case before this Court, it is the view of this Court that the original complaint objecting to discharge was timely filed well within the deadline established under Bankruptcy Rule 4004(a), even though no filing fee and cause number accompanied the complaint.

For the foregoing reasons, IT IS SO ORDERED that the creditors' motion for leave to file a late complaint objecting to discharge be, and it hereby is, granted.