In re Jake Willis FRESQUEZ, SS# 522–56–7255, Mary JoAnn Fresquez, SS# 585–34–4207, Debtors.

**INTERNATIONAL STATE BANK, a New Mexico state banking corporation, Plaintiff,**

v.

**Jake Willis FRESQUEZ and Mary JoAnn Fresquez, Defendants.**

Bankruptcy No. 7–92–12809 MS. Adv. No. 93–1400 M.

United States Bankruptcy Court, D. New Mexico.

May 16, 1994.

Steven L. McConnell, Raton, NM, for plaintiff.

Juanita Roibal, Alburquerque, NM, Robert N. Hilgendorf, Santa Fe, NM, for debtors/defendants.

## ORDER DENYING MOTION TO DISMISS

MARK B. McFEELEY, Chief Judge.

This matter is before the Court on the Defendant's Motion to Dismiss the Plaintiff's Complaint for Revocation of Discharge filed on December 27, 1993 and the First Amended Complaint for Revocation of Discharge filed on January 7, 1993. For the reasons stated below, the Court will deny the Motion to Dismiss.

### FACTS

The Defendants filed this Chapter 7 bankruptcy on August 4, 1992. They received a discharge on December 10, 1992, and the case was closed.

In response to the Plaintiff's Motion for order declaring that the judicial lien on the Debtors' property was not avoided or discharged by the final decree entered in bankruptcy, the Defendant moved to reopen their bankruptcy case on April 2, 1993. The Court ordered the case reopened on April 20, 1993.

On August 20, 1993, Plaintiff filed a Motion to Compel Discovery to require Defendants to answer interrogatories and produce documents. After a hearing, the Court granted the motion and also ordered the Defendant to provide the Court a copy of the produced documents.

The Plaintiff then filed a Motion for Revocation of Discharge on November 26, 1993 and on December 10, 1993, the Defendant responded with a Motion to Dismiss. At a hearing on December 14, 1993, the Court ordered the Plaintiff to submit a memorandum, as to whether the Motion was properly filed. Instead of a memorandum, the Plaintiff filed its Complaint for Revocation of Discharge on December 27, 1993. By order of the Court, the Complaint was amended on January 7, 1993 to conform to the local caption requirements.

The Complaint alleges that the Defendants fraudulently obtained their discharge by failing to list a significant asset on their schedules and prays that the Defendants' discharge be revoked under 11 U.S.C. § 727(d)(1). Section 727(d)(1) provides as follows:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; ...

The Complaint alleges that the concealed asset consists of the proceeds that the Defendants will receive under a Settlement Agreement and Release obtained in *Fresquez v. L.A. Larranga, et al.,* No. CIV 87–0520JC (D.N.M.). Under this agreement Defendants are to receive payments totalling $102,000 in an annuity until 2018. In their bankruptcy schedules, the Defendant's listed an interest in an annuity as "unknown." The Plaintiff further alleges that it had no knowledge of the Defendants' fraud until after the discharge was entered.

On February 3, 1994, Defendants filed their Motion to Dismiss the Complaint asserting that it was filed untimely.

### DISCUSSION

The Defendant claims that the Complaint should be dismissed because it is barred by the statute of limitations in § 727(e)(1). This section states the following:

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within a year after such discharge is granted; ...

Under this statute, the Plaintiff's complaint must have been filed by December 10, 1993. The Plaintiff did not file its Complaint for Revocation of Discharge until December 27, 1993 after it incorrectly filed a Motion for Revocation of Discharge on November 26, 1993 in the bankruptcy case. Bankruptcy Rule 7001.

The Plaintiff maintains that it did not know about the Settlement Agreement and Release until it received a copy of the agreement on November 2, 1993, after the order compelling discovery. Consequently, the Plaintiff alleges that it did not know and could not have known about the Defendants' failure to disclose this asset until that time. However, this information was received before the deadline to file a complaint to revoke discharge on December 10, 1993.

The Plaintiff relies on *In re Succa*, 125 B.R. 168 (Bankr.W.D.Tx.1991), for the proposition that its complaint is not time barred. The *Succa* court held that the § 727 statute of limitations may be equitably tolled until the time when creditor first became aware of the concealed asset. The Plaintiff argues that the Defendant should not profit from a statute of limitations which continues to run for the period in which Defendant concealed assets. *Id.* at 171–72.

In *Succa*, the debtor received his chapter 7 discharge on March 28, 1988, and the case was closed on June 30, 1988. Upon the trustee's request, the case was reopened to allow the trustee to administer the debtor's interest in a condemnation proceeding. The debtor had not scheduled this asset nor had he disclosed or turned over to the trustee the $19,900.00 received. The *Succa* court found that the estate had not been properly closed because all assets were not administered. It held that the case was improperly closed, and the time periods set forth in § 727(e)(2) had not yet begun to run. Thus, the trustee's complaint was timely filed although it was

filed more than one year after the debtor's discharge and after the case was closed.

 The *Succa* court also found that the principle of equitable tolling applied to toll the running of the § 727(e)(2) limitation period because of debtor's continuing concealment of assets. The court relied on the use of equitable tolling in § 546 cases, the Supreme Court's statement that "the equitable tolling doctrine should be read into every federal statute of limitations," [1] and the § 554(d) policy of preventing a debtor from benefitting from his fraud. However, the court expressly limited its holding to complaints brought under § 727(d)(2) and noted that many courts have held that the time period in § 727(e)(1) may not be extended or tolled. *Id.* at 173.[2] This Court agrees with the *Succa* court and the cases cited therein that the § 727(e)(1) limitations period cannot be equitably tolled. As stated in *In re Bulbin*, 122 B.R. at 162,

> [t]he untimeliness of the complaint is unaltered by the plaintiff's belated knowledge of the case: § 727(d)(1) itself requires that 'the requesting party did not know of [the] fraud [in obtaining discharge] until after granting of [the] discharge' and § 727(e)(1) nevertheless only allows one year after granting of the discharge to request revocation based on such late-discovered fraud.

This Court finds no reason to equitably extend the limitations period set up by Congress for late-discovered fraud. Moreover, the equities do not favor this Plaintiff who had sufficient knowledge before the one-year period ended to properly file a complaint to revoke discharge.

*Reopening*

In the alternative, Plaintiff argues that this action was timely filed because it was filed after the bankruptcy case was reopened. This argument, however, is not persuasive.

This case is factually similar to *In re Culton*, 161 B.R. 76 (Bankr.M.D.Fla.1993). In that case the debtors had received their dis-

---

1. *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946).

2. The court cited *In re Bulbin*, 122 B.R. 161 (Bankr.D.C.1990); *In re Schneider*, 37 B.R. 115 (Bankr.E.D.N.Y.1984); *In re Peli*, 31 B.R. 952 (Bankr.E.D.N.Y.1983); and *In re Santos*, 24 B.R. 688 (Bankr.D.R.I.1982).

charge on April 17, 1989 and the case was closed on May 17, 1989. In 1992, the Clay County Bank filed a motion to reopen the case and to have a trustee appointed to investigate whether the debtors had acquired certain assets prior to the discharge. The court entered an order reopening the case to allow the appointment of a trustee to investigate whether there were assets of the estate to administer. The Bank filed the adversary proceeding on October 19, 1992, more than three years after the case was originally closed, but soon after the case was reopened. The debtors argued that the complaint was untimely under § 727(e)(1). The court held that it could not extend or toll the § 727(e) limitation period and after distinguishing *Succa* stated,

> This Court agrees with the court in *In re Santos* that the time period contained in § 727(e)(1) is 'not a mere statute of limitations, but [is] an essential prerequisite to the proceeding.' 24 B.R. [at] 689 ... Consequently, the Court finds that it cannot extend or toll the 727(e) limitation period, and plaintiff's complaint is time barred.

*Culton,* 161 B.R. at 79.

■ This Court agrees with *Culton,* that even though the case here was reopened, the applicable date for § 727(e)(1) purposes is the date the case was originally closed, December 10, 1992. Therefore, under § 727(e)(1), the complaint for revocation of discharge should have been brought before December 10, 1993.

The Plaintiff cites *In re McDonald,* 25 B.R. 186 (Bankr.N.D.Ohio 1982) for the proposition that because the bankruptcy case was reopened, the complaint was timely filed before the case was closed. However, the *McDonald* court considered the case to have never been properly closed in the first instance, unlike this case in which the Defendants received their discharge and reopened the case in response to the Plaintiff's Motion for order declaring the judicial lien on the Debtors' property was not avoided or discharged.

*Relation Back*

The Plaintiff also asserts that it timely requested revocation of discharge within one year after the discharge by filing, albeit improperly, its Motion for Revocation of Dis-

charge on November 26, 1993 in the bankruptcy case. It is undisputed that a proceeding objecting to or for revocation of a discharge must be brought in an adversary proceeding within one year of the discharge. Bankruptcy Code § 727(e)(1); Bankruptcy Rule 7001. However, the Plaintiff seems to be arguing that its Complaint for Revocation of Discharge should be allowed to relate back to the Motion for Revocation of Discharge because the Motion provided actual notice of the request for revocation of the Defendants' discharge.

Under the general theory of "relation back," a pleading may not be amended to allege a view or different claim unless it arose out of, or is based on or related to, a claim, transaction or occurrence originally set forth in the original pleading. *In re Sherf,* 135 B.R. 810, 812 (Bankr.S.D.Tex.1991), citing *FDIC v. Bennett,* 898 F.2d 477, 479 (5th Cir.1990). Some courts have extended the relation back theory by allowing parties to file untimely complaints objecting to discharge under § 523 and Rule 4007(c) when the objecting party improperly filed a pleading in the underlying bankruptcy that gave the debtor sufficient notice of the nature of the objection.

In *Sherf,* 135 B.R. at 814, the court considered a timely "objection to discharge" along with a timely but improperly filed "complaint" objecting to discharge both filed in the bankruptcy case. After the bankruptcy clerk's office informed the creditors' attorney that the complaint was improperly filed, the creditors filed an untimely motion for leave to file a late complaint objecting to discharge. The court allowed the creditors leave to file a late complaint and held that the timely filings by the creditors were sufficient to insure timely notice to the debtors of the fact that the creditors objected to the discharge and the basis on which the objection was made. Under this reasoning, the court allowed the relation back of late filed complaint. *Id.* at 812. As an alternative rationale, the court also held that pleadings improperly filed in the bankruptcy that put the debtor on notice as to the creditors' objections, may be treated as a motion to extend the time for filing a complaint. *Id.* at 815. In essence, the court

held under its equitable powers that "in the interest of justice a certain 'poetic license' or legal fiction should be indulged in under these facts." *Id.* *See also, In re Beltz,* 51 B.R. 84, 85 (Bankr.S.D.Ohio 1985) (filing of untimely complaint allowed to relate back to timely objection to discharge in bankruptcy).

The *Sherf* court acted in reliance on other holdings allowing a notice-based exception to the Rule 4003(b) requirement that a claim objecting to exemptions be filed within 30 days of the § 341 meeting under. *See e.g., In re Owen,* 74 B.R. 697, 699 (Bankr.C.D.Ill. 1987) (Trustee's untimely objection under Rule 4003(b) to exemption held to relate back to Trustee's complaint to sell real estate free and clear, which gave debtor notice of the basis on which Trustee objected to claimed homestead exemption); *In re Starns,* 52 B.R. 405, 411 (S.D.Tex.1985) (timely motion to lift stay was sufficient to bring the issue of objections to exemptions before the court in a timely manner and was sufficient notice to interested parties, including the debtor).

■ Under the rationale of the foregoing cases, the Court finds that the Defendants were put on notice, within the time frame for filing revocation of discharge actions under 727(e) that the Plaintiff was seeking to revoke their discharge for concealment of the asset. The Court's holding is a narrow one. Because the Defendant's were given the exact basis of the Plaintiff's asserted revocation in the Motion, the Plaintiff filed the Complaint immediately upon learning of the procedural defect, the Defendants are not prejudiced by the late filed Complaint.

IT IS ORDERED, that the Defendant's Motion to Dismiss is denied and the Complaint for Revocation of Discharge will be allowed.