**In re Luis PAGAN, Debtor.**

**Jose Calendario, Plaintiff,**

v.

**Luis Pagan, Defendant.**

**Bankruptcy No. 01–45186.**
**Adversary No. 01–4432.**

United States Bankruptcy Court,
D. Massachusetts.

Sept. 10, 2002.

Jose Calendario, Holyoke, MA, pro se.

Gary M. Weiner, Weiner & Peskin, PC, Springfield, MA, for Debtor.

## MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Jose R. Calendario ("Calendario"), pro se, has filed a motion seeking an extension of time ("the Extension Motion") within which to object to the discharge of the debtor Luis Pagan (the "Debtor"). Calendario has also filed the instant adversary proceeding seeking to bar the Debtor's discharge. The Debtor opposes the requested extension and has filed a motion to dismiss the adversary proceeding (the "Motion to Dismiss"). At issue is whether a timely filed pleading, styled as a contested matter, tolls the bar date established by Rule 4004(a) so that a proper complaint filed after the bar date may "relate back" to the timely filed but procedurally deficient pleading.

## I. Facts and Travel of the Case

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 15, 2001. The meeting required under 11 U.S.C. § 341 was first scheduled for October 12, 2001. Accordingly, pursuant to Bankruptcy Rule 4004(a), the deadline within which to file a complaint objecting to the Debtor's dis-

charge expired on December 11, 2001. On December 10, 2001, Calendario filed a pro se pleading entitled "Objection to Discharge," but initiated no adversary proceeding. The caption on the document identified the Debtor, the bankruptcy case number and the Debtor's address, but no space was provided for an adversary proceeding number, nor was a filing fee paid. Calendario served the Objection on the Debtor and his counsel on December 8, 2001.

The "Objection to Discharge" stated two grounds for the requested court action. First, Calendario maintained that discharge should be denied because the Debtor engaged in fraud and unfair business practices. Second, Calendario claimed that the Debtor fraudulently transferred property to a family member within the six months prior to his filing the bankruptcy case.[1]

On December 11, 2001, the Court struck the "Objection to Discharge" on the grounds that it was not brought as an adversary proceeding as required by Bankruptcy Rule 7001(4). On December 17, 2001, now six (6) days after the deadline, Calendario filed the Extension Motion, stating his intention to "formal[ly] correct" the December 10 "objection" by commencing a properly filed adversary proceeding. The Debtor objected. He contended that, because the objection deadline had passed, Bankruptcy Rule 4004(b) barred any extensions of time for objecting to discharge.[2] Consequently, Calendario was also barred from now filing a proper complaint.

---

1. Because the matter comes before the Court on procedural grounds, the Court does not address the merits of either of those claims at this time.

2. Fed. R. Bank. P. 4004(b) provides:

On motion of any party in interest after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Notwithstanding the Debtor's opposition, Calendario filed an adversary proceeding accompanied by a properly styled complaint on December 28, 2001, now eighteen (18) days past the bar date. A summons was issued and properly served on the Debtor and Debtor's counsel within the time prescribed by Bankruptcy Rule 7004(e).[3] The Debtor promptly responded with the Motion to Dismiss setting forth the same grounds as those articulated in his opposition to the Extension Motion.

## II. Discussion

Federal Rule of Bankruptcy Procedure 4004(a) provides that objections to discharge pursuant to § 727(a) must be made by complaint. Fed. R. Bank. P. 4004(a).[4] The bar date for filing such complaints is sixty (60) days from the date first set for the § 341 meeting of creditors. *Id.* Further, Bankruptcy Rule 4004(d) makes applicable the provisions of Part VII of the rules, which govern procedures for adversary proceedings. Bankruptcy Rule 7001(4) includes objections to discharge among those disputes which must be commenced through an adversary proceeding.

Notwithstanding the mandates of Rules 4004(a) and 7001(4), courts have been periodically confronted with an objection to discharge initiated as a contested matter. When the movant subsequently attempts to remedy the stylistic deficiency of the original objection after the 60 day time frame permitted for such objections, courts are faced with the question, as here, of whether the untimely but stylistically proper amended pleading may relate back

to the original pleading for purposes of satisfying the deadline set by Rule 4004(a).

■ Generally, the time limitations set forth in the bankruptcy rules should be strictly enforced so that they may serve their dual purpose of ensuring swift administration of the bankruptcy estate, and allowing debtors a "fresh start" and a sense of "finality and certainty in relief from financial distress as quickly as possible." *Evans v. Pace (In re Pace)*, 130 B.R. 338, 340 (Bankr.N.D.Fla.1991). The deadlines also ensure due process by requiring prompt notification of any objections so that debtors may have ample time to prepare their answer and defense. *In re Sherf*, 135 B.R. 810, 812 (Bankr.S.D.Tex. 1991).

■ However, the policy of finality and expediency must be balanced against principles of equity so that " 'fraud will not prevail, ... substance will not give way to form [and] ... technical considerations will not prevent substantial justice from being done.' " *In re Pace*, 130 B.R. at 340 (citing to *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985)). Commensurate with this policy, federal courts are

> "hesitant to issue orders depriving parties from obtaining a hearing on the merits of their claims. Whether the issue be one of setting aside a default, or one of improper pleading, federal courts will preclude a party from a hearing on the merits only in the strongest instances. This is especially true when the dispute concerns the enforcement of a

---

**3.** Bankruptcy Rule 7004 incorporates Fed. R.Civ.P. 4, which mandates that service of a summons and complaint must be effectuated within 10 days of the date summons is issued. Fed.R.Civ.P. 4(e).

**4.** Fed. R. Bank. P. 4004(a) provides in relevant part:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

procedural rule, [construing them] 'to secure the just ... determination of every case and proceeding.' "
*In re Tomczak*, 2000 WL 33728176, *1 (E.D.Pa.2000).

Following this policy, in *In re Betz*, 273 B.R. 313 (Bankr.D.Mass.2002), this Court held that a party's failure to file a separate formal objection to exemptions within the time period specified by Rule 4003(b) did not preclude the Court from addressing the merits of the objection if timely raised in another pleading. *Betz*, 273 B.R. at 319. In *Betz*, the creditor raised its objection in a response to the debtor's motion under § 522(f). *Id.* at 315. The debtor in that case asked that the objection be overruled as untimely. *Id.* at 316. Applying principles of equity, this Court held that the response to the § 522(f) motion, though not formally styled a formal objection to the Debtor's exemption, nevertheless met the requirements of a timely filed objection for purposes of Rule 4003(b). *Id.* at 320. Critical to that analysis was that the debtor had received timely and sufficient written notice within the Rule 4003(b) time limits. The Court noted that the purpose of Rule 4003(b) was satisfied, and, under such circumstances, it would overlook the stylistic deficiencies in order to avoid "exalting form over substance." *Id.*

Because Rule 4004(a) and Rule 4003(b) address substantially similar policies of expediency and finality, this Court now concludes that the rationale employed in *Betz* should be extended in the context of formally deficient complaints objecting to discharge under § 727(a). *See In re Sherf,* 135 B.R. at 814 (importing the analysis of informal objections vis a vis the time restrictions imposed by Rule 4003(b) into the context of a Rule 4004(a) analysis). This approach is consistent with that adopted by the majority of courts who have applied the notice, or "relation back" doctrine, to

toll the bar date for properly filing complaints objecting to discharge. *See, e.g., Id.* at 813–14; *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1510–11 (9th Cir.1995); *In re Little*, 220 B.R. 13, 17 (Bank.D.N.J.1998) (holding that a complaint objecting to discharge after the bar date relates back to the date of a timely filed contested matter "objection to discharge" pleading); *Maroski v. Futrell (In re Futrell)*, 69 B.R. 378, 381 (Bankr. W.D.La.1987); *Rose v. Beltz (In re Beltz)*, 51 B.R. 84 (Bankr.S.D.Ohio 1985). *See also, In re Pace*, 130 B.R. at 340 (holding that the originally filed "objection to discharge" was a timely filed "complaint" for purposes of Rule 4004(a)); *Pfeiffer v. Rand (In re Rand)*, 144 B.R. 253, 256 (Bankr.S.D.N.Y.1992) (holding that a letter addressed to the judge in objection to debtor's discharge constitutes a "complaint" under Rule 4004(a)). *But see, Nese v. Lokay (In re Lokay)*, 269 B.R. 132, 138 (Bankr.W.D.Pa.2001) (holding that a complaint to revoke discharge was defective in that it treated the "proceeding as though it were a contested matter amenable to resolution as a motion.").

On the other hand, courts have declined to allow a belated complaint objecting to discharge to relate back to a motion for relief from stay filed within the objection period, where the original pleading was not sufficiently related to the complaint so as to give notice to the debtor of the objection to discharge. *See In re Sherf,* 135 B.R. at 812–13 (discussing *Matter of McGuirt*, 879 F.2d 182, 183 (5th Cir.1989)). In the same vein, in *Agway Ins. Co. v. Grant (In re Grant)*, 45 B.R. 265, 267 (Bankr.D.Me.1984), the bankruptcy court declined to toll the objection bar date for a creditor who based its initial objection in a letter to the court supporting another creditor's objection to the debtor's discharge. *In re Grant*, 45 B.R. at 267. The

letter failed the notice requirement because it lacked even the basic elements of a pleading required by Bankruptcy Rule 7008. *Id. See also, Schmidt v. Goscicki (In re Goscicki)*, 207 B.R. 893, 897 (9th Cir. BAP 1997) (finding that an adversary proceeding cover sheet where the appropriate relief was not checked and no other documents were filed or served on the defendant were not sufficient to comprise a dischargeability complaint).

■ In *Gschwend v. Markus (In re Markus)*, 268 B.R. 556 (9th Cir. BAP 2001), the Ninth Circuit Bankruptcy Appellate Panel articulated a two part test for determining whether an untimely adversary proceeding will be deemed to relate back to a timely filed contested matter. First, the initial document must provide the debtor with fair notice of the creditor's claim and the grounds therefor. *O'Loughlin v. Nat'l R.R. Passenger Corp.*, 928 F.2d 24, 26 (1st Cir.1991); *Markus*, 268 B.R. at 562–63 (citing to *Dominguez*, 51 F.3d at 1508). Fair notice demands that the debtor be sufficiently apprised of the existence and basis of the objection. *Dominguez*, 51 F.3d at 1509. The original pleading, albeit deficient in form, must still substantially comply with the requirements of Bankruptcy Rule 7008, which incorporates the requirements of Federal Rule of Civil Procedure 8. *In re Little*, 220 B.R. at 16. *See also, Dominguez*, 51 F.3d at 1508. Accordingly, the pleading must contain both a short statement of the objector's

claim showing that the pleader is entitled to relief and a request for relief. Fed. R.Civ.P. 8(a)(2).[5]

■ Second, according to *Markus*, the claim raised in the new pleading must "arise from the same 'conduct, transaction, or occurrence' as the original claim." *Markus*, 268 B.R. at 562. This latter requirement is in fact codified by Bankruptcy Rule 7015 (incorporating Fed.R.Civ.P. 15 by reference), which governs amendments and supplemental pleadings in adversary proceedings and sets the standard for the relation back of amendments. Fed.R.Civ.P. 15©(2);[6] *In re Markus*, 268 B.R. at 560. A key determinant is whether "the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Id.* at 563 (citing to *Dominguez*, 51 F.3d at 1510). Accordingly, "relation back is permissible if a plaintiff seeks to correct a technical mistake or omission, state a new legal theory or relief, or amplify the facts alleged in the prior complaint." *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 763 (Bankr.D.Mass.1995) (citing to *O'Loughlin*, 928 F.2d at 26–27). Under the same logic, an amended pleading setting forth a new claim or different facts or transactions from the original pleading will not relate back to the original for purposes of tolling the bar date. *Id.*

■ This Court finds the *Markus* test well reasoned and will adopt and follow it

---

**5.** Fed.R.Civ.P. 8(a)(2) provides in relevant part:

A claim which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitle to relief, and (3) a demand for judgment for the relief the pleader seeks.

**6.** Fed. R. Civ. Pro. 15© provides in relevant part:

Relation Back of Amendments—
An amendment of a pleading relates back to the date of the original pleading when... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

here. Bankruptcy Rule 7008, by virtue of Federal Rule of Civil Procedure 8(f), mandates a liberal construction of pleadings so as "to do substantial justice." Where the originally filed document substantially conforms to Rule 7008 and a reasonably prompt later amendment relates to the same claim, transaction, or occurrence as that of the original document, the failure to timely file an adversary proceeding in objecting to discharge constitutes mere harmless error.

■ "Courts will excuse untimeliness only when doing so is consistent with the purpose of the rules ... in other words, where the delay was harmless." *Haseotes v. Cumberland Farms, Inc. (In re Cumberland Farms, Inc.)*, 284 F.3d 216, 226 (1st Cir.2002); *Tully Constr. Co., Inc. v. Cannonsburg Envtl. Assoc., Ltd. (In re Cannonsburg Envtl. Assoc., Ltd.)*, 72 F.3d 1260, 1264–65 (6th Cir.1996) (holding that an objection to discharge filed as a motion instead of through an adversary proceeding constituted harmless error) and cases cited therein. In such instances, the defendant suffers no prejudice when the plaintiff amends the original pleading to conform to procedural requirements after the bar date. *See United States v. Lewis (In re Lewis)*, 142 B.R. 952, 955 (D.Col. 1992) ("there must be demonstrable prejudice from the failure to proceed in an adversary proceeding."); *In re Service Merch. Co.*, 256 B.R. 755, 766 (Bankr. M.D.Tenn.2000) (holding that although an

adversary proceeding was the proper procedural venue to pursue the claim at issue, the defendants did not suffer prejudice).

A. Sufficiency of the December 10 "Objection to Discharge"

■ On its face, Calendario's December 10 "Objection to Discharge" fails the requirements of Rule 7001(4) and Rule 7003, which require that an adversary proceeding be "commenced by filing a complaint with the court." Fed.R.Civ.P. 3. However, the substance of the document was sufficient to give the Debtor fair notice of the fact that Calendario sought to object to his discharge, as the title of the motion, "Objection to Discharge," could not more plainly state. Moreover, the December 10 motion complied with the crucial requirements of Rule 7008 in that it (a) included a plain statement of the claim showing that Calendario was entitled to relief and (b) a demand for judgment of the relief sought. Namely, the December 10 pleading alleged fraudulent acts by the Debtor with specificity.[7] Calendario also alleged that the Debtor transferred property to a family member within six months prior to his Chapter 7 filing.[8] Further, the objection begins with a clear statement of the demand sought: "Jose Calendario, creditor in the above case ... objects to the discharge of the debtor, Luis C. Pagan."

On these facts, the Court finds that the contents of the December 10 document

---

7. The December 10 Objection to Discharge states:
   The reasons [for the objection] are:
   On February 20, 2000 [the Debtor] signed an agreement for the remodeling ... of a house I own ... He misrepresentative [sic] himself. He fails [sic] to obtain required permits and taking large amounts of money ($18,500) for work Pagan did not do are [sic] unfair and deceptive practices within the meaning of Mass. Gen. Laws.

8. The December 10 Objection also states:

Also, the reason for this objection [to discharge] is that at the meeting of creditors herein, the Debtor failed to account for the proceeds of a personal injury settlement he received within the last six months before the filing of the petition and or my $18,000. The Creditor believes that those proceeds are either in his possession or have been transferred fraudulently or preferentially to a family member.

were more than sufficient to put the Debtor on notice of Calendario's objection, even though not formally styled an adversary proceeding. Thus, the first prong of the *Marcus* test is satisfied.

B. Relation Back of the Amended Adversary Complaint

Having determined that the December 10 "Objection to Discharge" satisfies the requirements of a timely filed "complaint" for purposes of rule 4004(a) and 7001(4), the Court must now determine whether the December 28 adversary proceeding complaint arises from the "same conduct, transaction, or occurrence" as the December 10 pleading. The Court finds that it does. As stated previously, the key element of this inquiry is whether the newly added claim will be proved by the "same kind of evidence" offered to support the original pleading. Here, it is patently clear that the same evidence supports both claims. Calendario raises no new claim in the December 28 complaint, but merely seeks to remedy a technical deficiency in the original pleading. The December 28 complaint is amended to stylistically conform to the requirements of the rules, but seeks the same relief and states the same grounds for the relief as does the December 10 pleading. Accordingly, the Court finds that the amended complaint does arise from the very same "conduct, transaction, or occurrence" as those set forth in the December 10 complaint. The second prong of the *Marcus* test is satisfied as well.

III. Conclusion

The subject of the controversy here involved is one not of timeliness but of form. Relation back of the adversary proceeding satisfies the Debtor's rights to due process. The requirement of "fair notice" is satisfied and there is no prejudice to the Debtor in allowing the December 28 complaint to relate back to the December 10 pleading. As stated by the Supreme Court, "[t]here is no reason to apply a statute of limitations when ... the respondent has had notice from the beginning that [the plaintiff] was trying to enforce a claim against it." *Markus*, 268 B.R. at 561 (quoting *Tiller v. Atl. Coast Line R.R.*, 323 U.S. 574, 581, 65 S.Ct. 421, 89 L.Ed. 465 (1945)). The Court will deem the adversary proceeding to relate back to the timely filed Objection to Discharge. Accordingly, there is no need for an extension of the Rule 4004(a) bar date.

For the foregoing reasons, the Court DENIES the Motion to Dismiss and further DENIES the Extension Motion as moot.