**In re Glenn E. HARMON and April Lynn Harmon, a/k/a April L. Whitehead, Debtors.**

**No. 03–2396–8G7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 9, 2005.

Richard V. Ellis, Esquire, Sarasota, FL, David A. Garside, Esquire, Tampa, FL, for the Debtors.

Catherine Peek McEwen, Esquire, Tampa, FL, for Byron Shinn, as Trustee of the Elrod Trust.

**ORDER ON MOTION FOR RECONSIDERATION OF ORDER (I) GRANTING ELROD'S MOTION TO ENFORCE ORDER REQUIRING DEBTORS' COMPLIANCE AND (II) DENYING DEBTORS' DISCHARGE**

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Reconsideration of Order (I) Granting Elrod's Motion to Enforce Order Requiring Debtors' Compliance and (II) Denying Debtors' Discharge. The Motion for Reconsideration was filed by the Debtors, Glenn E. Harmon and April Lynn Harmon.

On July 14, 2004, the Court entered an Order denying the Debtors' discharge based upon their failure to provide certain documents that had been requested by the Chapter 7 Trustee.

In the Motion at issue, the Debtors assert that they had produced all of the documents that were in their possession or control prior to the entry of the Order. The Debtors also assert that a debtor's discharge should be denied only in the context of an adversary proceeding filed pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure. Consequently, the Debtors request that the Court reconsider the July 14 Order denying their discharge, and schedule further proceedings in this matter.

### Background

The Debtors filed a petition under chapter 7 of the Bankruptcy Code on February 6, 2003.

The Section 341 meeting of creditors in the chapter 7 case was initially scheduled for March 12, 2003. The creditors' meeting was thereafter rescheduled approximately seven times, to April 23, 2003, April 30, 2003, May 28, 2003, June 25, 2003, July

30, 2003, September 10, 2003, and November 5, 2003.

On November 10, 2003, after the last creditors' meeting, the Chapter 7 Trustee filed a Motion to Compel Turnover of Documents. (Doc. 27). In the Motion, the Trustee asserted that she had requested numerous documents from the Debtors, but that the documents had not been furnished. The documents included certain tax returns, bank statements, credit card statements, an Internal Revenue Service audit letter, and documents related to various real estate transactions.

On March 1, 2004, the Court entered an Order Granting Motion to Compel Turnover of Documents. (Doc. 35). The Order required the Debtors to produce specific documents to the Trustee. The Order further provided:

> [I]f the Debtors fail to turn over to the Trustee the requested documents so that they are received by her within ten days of this Order or if they fail to appear at the continued Section 341 meeting, their discharge will be denied without further notice or hearing for their failure to cooperate with the Trustee.

The documents that the Debtors were required to produce were specifically described in the Order.

On June 1, 2004, Byron Shinn, as Trustee of the Elrod Trust (Elrod), filed a Motion to Enforce Order Requiring Debtors' Compliance. (Doc. 41). In the Motion, Elrod contended that the Debtors had not produced all of the documents that they were required to furnish pursuant to the March 1 Order.

Elrod's Motion was accompanied by an Affidavit of Steven S. Oscher (Oscher). Oscher is a Certified Public Accountant who specializes in the areas of financial analysis, forensic accounting, and economic loss. (Affidavit, ¶ 2). Oscher asserted that he had reviewed the March 1 Order directing the Debtors to provide specific documents to the Trustee, and that he had also inspected "two boxes full of documents" that the Debtors had furnished to the Trustee following the entry of the Order. (Affidavit, ¶¶ 6, 7).

In paragraph 8 of his Affidavit, Oscher set forth his findings regarding certain deficiencies in the documents produced. Specific items that were not furnished included the Debtors' 2001 and 2002 tax returns, credit card statements, complete bank statements for the designated periods, and documentation concerning a company known as ABC Rental and Sales.

Oscher concluded that "while certain select information was provided as requested, it does not appear that the Debtors have fully complied with the Order Granting Motion to Compel Turnover of Documents." (Affidavit, ¶ 9).

Elrod's Motion specifically requested that the Court "enter an order confirming that the Debtors are not discharged of their debts in this case."

Elrod's Motion was scheduled for hearing.

No response to Elrod's Motion or the accompanying Affidavit of Oscher was filed by the Debtors.

At the hearing, Elrod's attorney made an extensive presentation in support of Elrod's Motion.

Neither the Debtors nor their attorney of record appeared at the hearing. At the hearing, another attorney appeared on behalf of the Debtors' attorney, and advised the Court that the Debtors' attorney was "under the impression that all the documents that—the documents that there are, have been furnished." (Doc. 53, Transcript, p. 9).

The Court made the following determination:

> ... The order was entered March 1. Two boxes of information were supplied, so I understand how—boxes of information were supplied. But then on June 1, a month ago, a motion was filed showing that—alleging that the documents weren't all produced.
>
> And the motion's not just a general motion, as some motions are. It is a specific motion, to which is attached an affidavit. And it's an affidavit of a certified public accountant who has reviewed the records, who has expertise in accounting, auditing and forensic investigations, and who delineates specifically the deficiencies in the production of the documents.
>
> No response to that motion has been filed, no affidavit has been filed in response, and there's no explanation today of the failure to respond. The Debtors are not unsophisticated, showing $1.8 million of unsecured debt and over forty unsecured creditors. These are not unsophisticated people.
>
> I think the earlier order is clear. If the Debtors fail to turn over their requested documents, their discharge will be denied, without further notice or hearing, for their failure to cooperate. That's clear. The motion to enforce that order is clear. The affidavit in support of that is clear. There's no response. I think I have to enforce that order.

Accordingly, on July 14, 2004, the Court entered an Order (I) Granting Elrod's Motion to Enforce Order Requiring Debtors' Compliance and (II) Denying Debtors' Discharge. (Doc. 46).

In the Motion at issue, the Debtors request that the Court reconsider its Order denying their discharge. They contend that they have produced all of the requested documents that were in their possession or control. Additionally, the Debtors assert that a debtor's discharge should only be denied in the context of an adversary proceeding commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## Discussion

Clearly the Debtors should not have ignored the Motion to Enforce Order Requiring Debtors' Compliance and Denying Debtors' Discharge, and they should not have ignored the Affidavit of Oscher. Either a response should have been filed, or the Debtors or someone on their behalf should have appeared at the hearing on the Motion. The failure of the Debtors to present any meaningful response to the Motion and the Affidavit was, of course, a basis for the Court's decision. Despite this, however, the Court determines that the Debtors' Motion for Reconsideration should be granted, and that the Order entered on July 14, 2004, should be set aside to the extent that it denies the Debtors' discharge.

The Debtors are entitled to relief from the Order denying their discharge for two primary reasons. First, creditors and trustees are required to commence an adversary proceeding if they wish to object to a debtor's discharge. No complaint or adversary proceeding was filed in this case.

Second, creditors and trustees are required to establish that a debtor is not entitled to his discharge pursuant to one of the specific statutory grounds set forth in § 727(a) of the Bankruptcy Code. No such showing was made in this case.

**I. A creditor or trustee is required to file a complaint if it wishes to object to a debtor's discharge.**

Rule 7001(4) of the Federal Rules of Bankruptcy Procedure provides:

**Rule 7001. Scope of Rules of Part VII**

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

.    .    .    .    .

(4) a proceeding to object to or revoke a discharge.

Fed.R.Bankr.P. 7001. "Bankruptcy Rule 7001(4) includes objections to discharge among those disputes which must be commenced through an adversary proceeding." *In re Pagan*, 282 B.R. 735, 738 (Bankr. D.Mass.2002).

Rule 4004 of the Rules sets forth the procedures for objecting to a debtor's discharge. Rule 4004 provides in part:

**Rule 4004. Grant or Denial of Discharge**

**(a) TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; NOTICE ` OF TIME FIXED.** In a chapter 7 liquidation case a *complaint* objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)....

.    .    .    .    .

**(c) GRANT OF DISCHARGE.**

(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge *unless:*

.    .    .    .    .

(B) *a complaint objecting to the discharge has been filed.*

.    .    .    .    .

**(d) APPLICABILITY OF RULES IN PART VII.** A proceeding commenced by a *complaint* objecting to discharge is governed by Part VII of these rules.

Fed.R.Bankr.P. 4004 (Emphasis supplied). "Federal Rule of Bankruptcy Procedure 4004(a) provides that objections to discharge pursuant to § 727(a) must be made by complaint." *In re Pagan*, 282 B.R. at 738. "It is clear that the foregoing rule plainly requires that an objection to discharge must be instituted by the filing of a complaint." *In re Little*, 220 B.R. 13, 16 (Bankr.D.N.J.1998).

In other words, an objection under § 727(a) "is part of a process whereby the bankruptcy court itself determines whether a debtor is to receive a discharge or not. If a Chapter 7 trustee wishes to object, then the Chapter 7 trustee must file an adversary proceeding. Fed.R.Bankr.P. 7001(4). The same is true if an individual creditor or the United States trustee elects to object." *In re Levine*, 287 B.R. 683, 693 (Bankr.E.D.Mich.2002).

"A party may object to a Chapter 7 debtor's general discharge pursuant to 11 U.S.C.A. § 727(a)(1) through (10).... however, the objecting party must file an adversary proceeding and obtain a court's denial of discharge or determination of nondischargeability." *In re Castle*, 289 B.R. 882, 885 (Bankr.E.D.Tenn.2003).

■ Neither the Trustee nor Elrod filed a complaint to deny the Debtors' discharge in this case. Instead, the July 14 Order denying the Debtors' discharge was entered in the context of a contested matter initiated by the filing of a motion. Consequently, the Order should be set aside because it was not entered in accordance with Rule 7001 and Rule 4004 of the Federal Rules of Bankruptcy Procedure.

**II. To deny a debtor's discharge, a trustee or creditor must establish one of the statutory grounds set forth in § 727(a) of the Bankruptcy Code.**

As shown above, Rule 7001 and Rule 4004 of the Federal Rules of Bankruptcy

Procedure require that a trustee or creditor file an adversary proceeding in order to object to a debtor's discharge. A primary purpose of the requirement is to ensure that all of the statutory criteria for denying a debtor's discharge have been satisfied. *In re Dominguez*, 51 F.3d 1502, 1507 (9th Cir.1995).

The statutory criteria for denial of a debtor's discharge are set forth in § 727(a) of the Bankruptcy Code.

Subsection 727(a)(3) of § 727, for example, provides:

**11 USC § 727. Discharge**

(a) The court shall grant the debtor a discharge, unless-

. . . . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or *failed to keep or preserve any recorded information,* including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, *unless such act or failure to act was justified under all of the circumstances of the case.*

11 U.S.C. § 727(a)(3)(Emphasis supplied). "A party objecting to discharge under § 727(a)(3) must show: (1) that the debtor failed to keep or preserve adequate records; and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *In re Jacobowitz*, 309 B.R. 429, 436 (S.D.N.Y.2004)(quoting *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir.1992)).

The party objecting to a discharge under this subsection has the burden of proving that the debtor's records are inadequate. Once the objecting party has made the initial showing, "the burden shifts to the debtor to demonstrate that the failure to keep records was justified." *In re Jacobowitz*, 309 B.R. at 436.

The issue of whether the debtor's failure to keep or preserve recorded information was "justified" is essentially a question of reasonableness, i.e. whether the debtor's failure to maintain such records was reasonable under the circumstances. *In re Schifano*, 378 F.3d 60, 68–70 (1st Cir.2004).

Additionally, § 727(a)(6) of the Bankruptcy Code provides:

**11 USC § 727. Discharge**

(a) The court shall grant the debtor a discharge, unless-

. . . . .

■ (6) the debtor has *refused,* in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify.

11 U.S.C. § 727(a)(6)(Emphasis supplied). "Mere 'failure' to obey a court order is insufficient under Section 727(a)(6)(A). (Citation omitted.) The plain language of the statute requires that the debtor *refuse* to obey a court order." *In re Costantini*, 201 B.R. 312, 316 (Bankr.M.D.Fla.1996)(Emphasis in original). Consequently, the "[d]enial of a discharge for refusal to obey a court order must be a result of 'wilful, intentional disobedience or dereliction' and not merely inadvertence or mistake." *In re Costantini*, 201 B.R. at 315–16 (quoting *In re Jones*, 490 F.2d 452, 456 (5th Cir.1974)).

The Trustee and Elrod contend that the discharge should be denied in this case because the Debtors failed to provide certain documents requested by the Trustee, even after the entry of an Order directing them to produce the documents by a specific date.

In the Motion for Reconsideration, the Debtors assert that they had produced every document in their possession or control, including their 2001 and 2002 tax

returns, prior to the entry of the July 14 Order. (Doc. 50, Motion for Reconsideration, ¶¶ 1, 4, 5).

■ The Court concludes that the Order denying the Debtors' discharge should be set aside, because all of the statutory requirements for denial of a discharge under § 727(a) of the Bankruptcy Code were not established.

It was not established that the Trustee and Elrod were unable to ascertain the Debtors' financial condition from the documents produced by the Debtors (§ 727(a)(3)), or that the Debtors' failure to comply with the July 14 Order was willful and intentional (§ 727(a)(6)). Further, no evidence was presented as to whether any failure by the Debtors to maintain adequate records was reasonable or justified under their particular circumstances (§ 727(a)(3)).

■ All elements of the cause of action must be proved by a preponderance of the evidence. *In re Gonzalez,* 302 B.R. 745, 751 (Bankr.S.D.Fla.2003). Further, it is fundamental that objections to a debtor's discharge should be construed liberally in favor of the debtors and strictly against the objecting parties. *In re Ingalls,* 297 B.R. 543, 547 (Bankr.C.D.Ill.2003).

The record in this case does not support the denial of the Debtors' discharge under any of the statutory bases set forth in § 727(a) of the Bankruptcy Code. Consequently, the July 14 Order denying the Debtors' discharge should be set aside.

### Conclusion

The issue before the Court is whether the Court should reconsider the Order denying the Debtors' discharge that was entered on July 14, 2004.

The Court determines that the Order should be set aside. First, it should be set aside because it was not entered in the context of an adversary proceeding as required by Rule 7001 and Rule 4004 of the Federal Rules of Bankruptcy Procedure. Second, it should be set aside because, despite the fact that it appears that the Debtors ignored or disregarded the Motion of Elrod and the Affidavit of Oscher by not filing a response or attending the hearing, nevertheless the record does not establish all of the elements of a cause of action to deny a debtor's discharge under § 727(a) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Reconsideration of Order (I) Granting Elrod's Motion to Enforce Order Requiring Debtors' Compliance and (II) Denying Debtors' Discharge, filed by the Debtors, Glenn E. Harmon and April Lynn Harmon, is granted.

2. The Order (I) Granting Elrod's Motion to Enforce Order Requiring Debtors' Compliance and (II) Denying Debtors' Discharge entered on July 14, 2004, is set aside to the extent that it denies the Debtors' discharge.